UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 08-05-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHAWN FREENAN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Wesley Lanham and Shawn Freeman were sentenced on December 8, 2008. Defendant Lanham received a sentence of 180 months' imprisonment, while Defendant Freeman was sentenced to term of imprisonment of 168 months. Both sentences reflected a downward variance from the Defendant's respective guideline range. The Court allowed the Defendants to voluntarily report to the institution designated by the Bureau of Prisons ("BOP") based, in part, upon a determination that their status as former jail employees present atypical safety issues which require additional time and consideration by BOP officials. And while the Court believed that the Defendants did not present substantial risks to the public or a significant risk of flight, this determination was tempered by the fact that they were directed to report on January 5, 2009.

Before sentencing, the Court was presented with a number of post-trial motions by Defendants Freeman and Lanham. The Court considered each argument contained in these motions and determined that the relief sought was not appropriate. Finally, on December 29 and

30, 2009, the Defendants filed motions seeking to delay their surrender to prison officials. [Record Nos. 125 and 128]

On this date, and by separate opinion, the Court denied Defendant Lanham's motion for bond pending appeal. [Record No. 129] The Court has separately considered the arguments raised by Defendant Freeman and has also determined that release pending appeal is not appropriate. In the undersigned's determination, Freeman has not raised a substantial question of law that is likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment or a reduced sentence which is less than the time the Defendant will serve during the appeal process. Accordingly, the Defendant's motion [Record No. 125] will be denied.

Defendant Freeman contends that he intends to raise several issues on appeal which he believes will result in a reversal of his conviction or a new trial. More specifically, he identifies the nine issues which he believes support the relief sought:

1. whether the Court improperly excluded as evidence the findings of the Grant County grand jury which did not indict Freeman of criminal conduct;

2. whether the Court erred in denying Freeman's motion for a separate trial;

3. whether the Court erred in refusing to grant challenges for cause during voir based upon prospective jurors responses;

4. whether the Court erred in denying Freeman's motion for a verdict of acquittal;

5. whether the Court erred in instructing the jury at the conclusion of trial;

6. whether the Court erred in denying Freeman's post-trial motion for a new trial and/or for a verdict of acquittal;

    7.      whether the Court erred in submitting the issue of "aggravating sexual abuse" to the jury;

    8.      whether the Court erred in denying Freeman post-trial motion for a new trial based on an alleged *Brady* violation; and

    9.      whether the Court erred in rejecting a minor role reduction while granting a variance well below the range set by the United States Sentencing Guidelines.[1]

The Defendant's motion is filed under the provisions of 18 U.S.C. § 3143(b)(1) which provides as follows:

> Except as provided in paragraph (2), the judicial officer shall order that the person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
>     (i)   reversal,
>     (ii)  an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of this title, except that in the circumstances described in subparagraphs (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

---

[1] This issue has not yet been raised in a post-trial motion. However, it should be noted that, while the Court rejected a minor role reduction in calculating Defendant Freeman's guideline range, it decided to impose a sentence substantially below this Defendant's guideline range. Thus, even if a minor role reduction had been awarded, it would not have resulted in a sentence below the variance actually imposed by the Court.

18 U.S.C. 3143(b)(1).

Having reviewed this statutory section, the Court does not believe that the relief requested is appropriate. In addition to arguments that have been raised previously and rejected, Defendant Freeman asserts that there was insufficient evidence to sustain his conviction because the United States failed to prove a violation of a clearly established Constitutional right. In making this argument, Defendant Freeman improperly claims that he and his co-Defendants merely failed to protect Joshua Sester. However, the proof at trial established that Defendants Lanham and Freeman jointly took *affirmative* action in seeking to have inmates harm Sester. Under the circumstances presented, it is clear that the Defendants used third parties to punish Sester in an inhumane and unacceptable way. These action were not only wrong, but *any* reasonable official would understand that they were illegal and in violation of Sester's rights. And while it is "possible" that Sester might have eventually been placed in a general population cell (and could have been harmed), the facts presented during trial established that both Lanham and Freeman took action to have inmates harm Sester. The cases cited by Freeman's current motion do not alter this conclusion.

In addition to the foregoing argument, the Court does not believe that any of the remaining issues identified by the Defendant is likely to result in a reversal of his conviction or an order for a new trial. These issues have been considered and rejected previously. And as the Court noted in rejecting Defendant Lanham's most recent motion, Defendant Freeman has not demonstrated that the Court's prior rulings were erroneous. Accordingly, it is hereby

**ORDERED** that Defendant Shawn Freeman's Motion for Post-Conviction Release [Record No. 125] is **DENIED**.

This 5th day of January, 2009.

Signed By:
*Danny C. Reeves* DCR
United States District Judge